**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN TAXI DISPATCH, INC.,<br>an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN VISION TAXICAB AND LIMOUSINE<br>INCORPORATED and SAMAD KHAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 14 cv 3182<br><br>**JURY DEMAND** |

## COMPLAINT

NOW COMES, Plaintiff, American Taxi Dispatch, Inc., an Illinois corporation, ("American Taxi"), by and through its attorneys, Law Offices of Adam J. Zayed, P.C., and for its Complaint against American Vision Taxicab and Limousine Incorporated and Samad Khan ("Defendants") states as follows:

## PARTIES

1. Plaintiff, American Taxi, is an Illinois corporation, with its principal place of business located in Mount Prospect, County of Cook, State of Illinois. American Taxi is engaged in business as a taxi service servicing O'Hare International Airport, Midway Airport, Chicago and over 200 Chicagoland communities, including but not limited to Oak Brook, Glen Ellyn, Des Plaines, Naperville, Aurora, Schaumburg, and Evanston.

2. Defendants are engaged in the operation of a taxi business using trade names strikingly similar to, and otherwise substantially identical to, American Taxi's trade name, likeness, appearance, and registered trademark "American Taxi."

3.      Defendant, American Vision Taxicab and Limousine Incorporated, is an Illinois taxi business owned, upon information and belief, by Defendant, Samad Khan, who has engaged for years in the operation of various taxi companies and marketing aliases with the specific intent and actual effect of causing confusion to Plaintiff's customers and usurping the name recognition and goodwill of Plaintiff.

4.      Defendants service areas and communities similar to those areas and communities being serviced by American Taxi.

## JURISDICTION

5.      The court has jurisdiction over the parties and this controversy, as this is a civil action under the United States Trademark Act (15 U.S.C. § 1051 et seq.), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Jurisdiction for the Illinois state statutory claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) in that state law claims form part of the same controversy as the claims arise under the trademark laws of the United States.

6.      Jurisdiction and venue are proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to this lawsuit occurred in this district, Defendants are subject to personal jurisdiction herein.

7.      Defendants are conducting business and committing acts of infringement in this judicial district by advertising, selling and/or offering taxi service under the name "American Taxi" and are therefore subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.    American Taxi was formed in 1975 and was incorporated March 1, 1977.  American Taxi has utilized the service mark "American Taxi" since December 1975.  A true and correct copy of American Taxi's Articles of Incorporation and Articles of Amendment are attached and incorporated herein as Exhibit "A."

9.    American Taxi currently uses the service mark "American Taxi" on its vehicles, its letterhead, website (www.americantaxi.com), business cards, rate sheets, and other promotional materials.  Attached hereto and incorporated by reference are true and correct copies of the following examples of American Taxi's use of its service mark:

(a) American Taxi's letterhead (Exhibit "B");

(b) An American Taxi business card (Exhibit "C");

(c) An American Taxi rate sheet (Exhibit "D"); and

(d) An American Taxi coupon (Exhibit "E").

10.  Since December 1975, American Taxi has operated continuously in and about the Chicagoland area.  In this regard, American Taxi has established considerable name recognition and goodwill among taxi service customers in the Chicago area, including those areas serviced by Defendant.

11.  In addition to the use of American Taxi's mark, "American Taxi," American Taxi has adopted, implemented and used certain colors (white on a vehicle with a blue strip down each side of car, red lettering), shapes, designs, presentation and overall appearance which are distinctive to American Taxi and constitute trade dress.

12.  American Taxi has built its name recognition and good will through the expenditure, since its inception, of millions of dollars in advertising, customer service and quality assurance.

American Taxi is widely recognized as one of the premier taxi services in the Chicagoland area and as one of the largest taxi dispatch companies in the United States.

13.   American Taxi currently has approximately 800 taxis in its fleet.

14.   American Taxi has also built its name recognition and good will in the Chicagoland area by participating in community programs such as the Taste of Wilmette & Business Showcase, the Lincolnwood Chamber of Commerce Business Expo, and the Northwest Suburban Council of the Boy Scouts of America Food Drive.

15.   American Taxi owns a valid and subsisting federal trademark registration issued for "American Taxi" by the United States Patent and Trademark Office, as identified by registration number 3,058,900.   A true and correct copy of American Taxi's Certificate of Registration is attached hereto and incorporated herein as Exhibit "F."

16.   American Taxi owns a valid and subsisting federal trademark registration issued for the logo, design, scheme, colors and presentation of the American Taxi logo "American Taxi Dispatch, Inc." by the United States Patent and Trademark Office, as identified by registration number 3,116,379.   A true and correct copy of American Taxi's Certificate of Registration is attached hereto and incorporated herein as Exhibit "G."

17.   Trademark Registration Numbers 3,058,900 and 3,116,379 remain in full force and effect.

18.   American Taxi's right to use the mark "American Taxi" and its logo are exclusive to American Taxi and the certificate of registrations thereof constitute "conclusive evidence" of "the validity of the registered mark, of the registrant's ownership of the marks and of the registrant's exclusive right to use the marks in connection with the goods or services specified in the registration." 15 U.S.C. §1115.

19.   American taxi's certificate of registration for Reg. No. 3,058,900 and 3,116,379 are "prima facie evidence of the validity of the registered marks and of the registration of the marks, of the registrant's ownership of the marks, and of the registrant's exclusive right to use of the marks in connection with the goods or services specified in the registration."  15 U.S.C. §1115.

20.   As a result of American Taxi's investment of its efforts, money, skill and other resources, American Taxi's marks are widely recognized as indicating American Taxi's goods and services, and have become well recognized in the United States and in the Chicago area.

**DEFENDANTS' INFRINGEMENT AND MISUSE OF AMERICAN TAXI'S MARKS**

21.   Upon information and belief, Defendants markets American Vision Taxicab and Limousine via website and via promotional handouts such as business cards and promotional cards given directly to hotels and other businesses in the Chicagoland area, and these advertisements use American Taxi's marks.

22.   Upon information and belief, Defendants' main operation is known as American Vision Taxicab and Limousine Incorporated.  Copies of Defendants' advertisements are attached as Exhibit "H.'

23.   Defendants are not affiliated with or otherwise associated with American Taxi.

24.   Defendants are not authorized to use, in any facet, American Taxi's name and trade dress.

25.   Defendants' use of the American Taxi mark and trade dress is deceptive, misleading and identical to American Taxi's corporate name, registered service marks and trade dress.

26.   Defendants' use of the name "American Taxi" and overall appearance of American Taxi's trade dress will in all likelihood dilute American Taxi's respected and prominent trade

name in the Chicagoland area that American Taxi has created and developed by expending a substantial amount of money and effort in advertising, customer service, and quality assurance.

## COUNT I
## VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGMENT

27.  American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

28.  Defendants' use of the name "American Taxi" is confusingly similar to the registered mark "American Taxi" and logo "American Taxi Dispatch, Inc."

29.  Defendants' aforesaid acts are likely to cause confusion, mistake or deception as to the source of the parties' services.  Specifically, Defendants' use of American Taxi's mark is causing and will continue to cause the consuming public to mistakenly believe that Defendant's services are legitimately connected with, sponsored by or approved by American Taxi.

30.  Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15, U.S.C. §1114.

31.  Defendants have willfully and deliberately infringed and sough to appropriate the goodwill associated with the registered "American Taxi" mark and logo of American Taxi by advertising and transacting business in interstate commerce taxicab services which compete with American Taxi's services.

32.  Defendants' acts and actions are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of Defendants' taxi services.

33.  Defendants' aforesaid acts are greatly and irreparably damaging to American Taxi and will continue to damage American Taxi until enjoined by this Court.

**COUNT II**
**VIOLATION OF THE LANHAM ACT – FEDERAL UNFAIR COMPETITION**

34.　American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

35.　Defendants have used and is currently using the American Taxi Marks to identify their services and to distinguish them from the products of others.　Long after American Taxi's first use of the American Taxi Marks, Defendants began using the name or mark "American Taxi" to identify its services.

36.　Defendants promote and advertise in commerce their "American Taxi" service.

37.　Defendants' acts constitute a violation of 15 U.S.C. §1125(a) in that Defendants are deliberately using a name, designation of origin, false or misleading description of fact, and false or misleading representation of fact which (a) is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with American Taxi, or as to the origin, sponsorship or approval of Defendants' goods and services by American Taxi, and (b) misrepresent the nature, characteristics, qualities of Defendants' services.

38.　Defendants' acts did deceive or had the tendency to deceive consumers seeking American Taxi and American Taxi's services.

39.　Defendants' deception was material in that it was likely to influence, and did influence those seeking American Taxi's services to use Defendants' taxi service under the guise or belief that the services were those of American Taxi or affiliated with American Taxi.

40.　Defendants' acts and actions did cause false statements to enter interstate commerce.

41.　American Taxi has been harmed and injured as a result of the acts and actions of Defendants.

42. The actions of the Defendants in violating the Lanham Act were willful and wanton warranting the award of exemplary damages and attorney's fees.

## COUNT III
## VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK DILUTION

43. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

44. Prior to Defendants commencing business under the name American Taxi and providing goods and services under the mark American Taxi, American Taxi's "American Taxi" mark had become famous within the meaning of 15 U.S.C. § 1125(c).

45. After American Taxi's American Taxi Mark had become famous, Defendants commenced use of a mark or a trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the American Taxi Mark in violation of 15 U.S.C. §1125(c).

46. Defendants' acts have blurred the unique association which has heretofore existed between American Taxi's mark and the services offered by American Taxi.

47. Upon information and belief, Defendants' diluting actions have been intentional or with a reckless disregard for or willful blindness to American Taxi's rights, such that Defendants willfully intended and intend to trade on the recognition of American Taxi's famous mark and harm the reputation of American Taxi's famous mark.

48. Unless enjoined by the Court, Defendants will continue to do the acts complained of herein and cause damage and injury, all to American Taxi's irreparable harm.

## COUNT IV
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)(1)(A)

49.   American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

50.   On information and belief, on or about November 26, 2013, Defendants registered the domain name Americanstaxi.com, and Defendants have thereafter used the domain name as the Uniform Resource Locator ("URL") for a website offering Defendants' services.

51. On information and belief, on or about November 26, 2013, Defendants registered the domain name Americanstaxi.com, and Defendants have thereafter used the domain name as the Uniform Resource Locator ("URL") for a website offering Defendants' services.

52.   At the time the domain name was registered, and at all material times thereafter, Defendants have and continue to have bad faith intent to profit from the use of American Taxi's mark.

53.   Defendants registered and Defendants use the domain name in spite of the fact that the domain name is identical to or confusingly similar to American Taxi's mark, and that the associated website displays and uses marks and designations identical or confusingly similar to American Taxi's mark.

54.   Defendants registered and Defendants use the domain name in spite of the fact that American Taxi's marks were famous at the time the domain name registered, and the domain name was and continues to be identical, confusingly similar to and dilutive of American Taxi's famous marks.

55. American Taxi is entitled to an order transferring to American Taxi the domain names Americanstaxi.com, and awarding American Taxi's statutory and actual damages, and American Taxi's costs and attorneys' fees.

**COUNT V**
**INFRINGEMENT UNDER THE ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT**

56. American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

57. Prior to Defendants' commencement of their "American Taxi" advertisements, American Taxi's marks had become famous in the State of Illinois within the meaning of 765 ILCS § 1036/65.

58. Defendants, after American Taxi's marks had become famous in the State of Illinois, commenced use of a mark or trade name in commerce that causes dilution of the distinctive quality of the American Taxi marks in violation of 765 ILCS § 1036/65.

59. Defendants' use, promotion and advertisement of its goods and services under the name or mark "American Taxi" has diluted the distinctiveness of American Taxi's marks in violation of 765 ILCS § 1036/65.

60. Upon information and belief, Defendants' diluting actions have been intentional or with a reckless disregard for American Taxi's rights, such that Defendants willfully intended both to trade on the recognition of American Taxi's famous marks and harm the reputation of American Taxi's famous marks.

61. Defendants' diluting actions are causing immediate and irreparable injury to American Taxi and to its goodwill and reputation, and unless enjoined by this Court, will

continue to harm American Taxi irreparably for which American Taxi has no adequate remedy at law.

## COUNT VI
## ILLINOIS COMMON LAW UNFAIR COMPETITION

62.  American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

63.  Defendants' use of American Taxi's marks, or colorable imitations thereof, in connection with Defendants' services, and promotion of such services, constitutes unfair competition under Illinois common law.

64.  Unless Defendants' conduct is enjoined, they will cause irreparable harm to American Taxi and the public, for which American Taxi has no adequate remedy at law.

## COUNT VII
## ILLINOIS DECEPTIVE TRADE PRACTICES

65.  American Taxi incorporates the allegations of the preceding paragraphs as if fully set forth herein.

66.  Defendants, with full knowledge of American Taxi's superior rights, adopted and is using the designation "American Taxi" in connection with services with the deliberate and express purpose of obtaining the benefit of the goodwill and reputation of American Taxi; and Defendants' acts are likely to cause, and are intended to cause, confusion and deception of the public.

67.  The aforesaid acts of Defendants are causing and will continue to cause injury to the business reputation of American Taxi and confusion as to the source of Defendants' services.

68.   Defendants' aforesaid unlawful conduct constitutes unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 – 510/7.

69.   Unless enjoined by this Court, Defendants will continue to cause irreparable harm to American Taxi and the public, for which American Taxi has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE American Taxi Dispatch, Inc. prays for the following relief:

A.  Judgment for Plaintiff and against Defendants in an amount to be determined at trial;

B.  That Defendants and their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons active in concern and/or participation with them who receive notice be preliminarily and permanently enjoined and restrained from:

>   i.   Using the American Taxi Marks, the mark or name American Taxi, the domain name Americanstaxi.com or any confusingly similar mark, name, domain name or colorable imitation thereof, in connection with Defendants' business which may in any way mislead or confuse anyone as to the source, affiliation or sponsorship of such business;

>   ii.  Otherwise infringing or diluting the distinctive quality of the American Taxi Marks;

>   iii. Injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's American Taxi Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff; and

>   iv.  Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by Plaintiff, or engaging in conduct tending to create a false commercial impression of Plaintiff's products or services or any other conduct which tends to pass off Defendants' services as those of Plaintiff or creates a likelihood of confusion or misunderstanding of false representation.

C.  That Defendants be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, advertisements, publication, promotions or other articles in their possession bearing any of the American Taxi Marks, or any

reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, screens, or other means of making the same;

D. That Defendants be required to account for and pay over to Plaintiff all actual damages suffered by Plaintiff; all gains, profits and advantages derived by Defendants from Defendants' infringement and dilution of Plaintiff's American Taxi Marks, Defendants' aforesaid acts of unfair competition and other unlawful acts; and such damages as to the Court shall appear proper within the provisions of the Lanham Act and the Illinois Trademark Registration and Protection Act, and the Illinois common law;

E. That Defendants be ordered to compensate Plaintiff for the advertising or other expenses necessary to dispel any public confusion caused by Defendants' infringement of the American Taxi Marks, unfair competition, misappropriation, breach of contract and other unlawful acts;

F. That this Court award increased damages to fully compensate Plaintiff and punitive damages for the willful and wanton nature of Defendants' wrongful acts;

G. That Defendants be ordered to pay interest, costs, and reasonable attorneys' fees to Plaintiff; and

H. Granting such further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted,

Dated:        April 29, 2014              By:    **/s/ Adam J. Zayed                        .**
Adam J. Zayed, ARDC No. 6301240
Law Offices of Adam J. Zayed, P.C.
10 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
Tel: 312.726.1616
Fax: 312.726.3680